Filed 4/22/26  P. v. Chaidez CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ROBERTO CHRISTIAN CHAIDEZ,<br>　　　Defendant and Appellant. | C103327<br><br>(Super. Ct. Nos. 88720,<br>88721) |

Defendant Roberto Christian Chaidez appeals from the trial court's denial of his postconviction motion under Penal Code section 1465.9 to strike restitution fines.[1]  Even though this is not Chaidez's first appeal of right, his appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues and asking us to independently review the record.  Because we conclude the trial court's order is not appealable, we will dismiss the appeal.

BACKGROUND

In 1989, Chaidez was convicted by a jury of first degree burglary (§ 459), child endangerment (§ 273a), vehicle theft (Veh. Code, § 10851), leaving the scene of an accident (Veh. Code, § 20002, subd. (a)), and two counts of receiving stolen property

---

[1]  Undesignated statutory references are to the Penal Code.

1

(§ 496) in case Nos. 88720 and 88721.  The jury sustained allegations that Chaidez committed a felony while released from custody (§ 12022.1) and had suffered a prior serious felony conviction (§ 667, subd. (a)).  The trial court sentenced him to 15 years eight months in state prison.  The court also ordered Chaidez to pay restitution to the victim in the amounts of $250 in case No. 88720 and $350 in case No. 88721 as well as restitution fines of $3,050 in case No. 88720 and $2,250 in case No. 88721 pursuant to section 2085.5 and former Government Code section 13967.

In January 2025, Chaidez, proceeding in propria persona, filed a "Petition to Recall Sentence and Resentence in Accordance [with] Assembly Bill 1186 [to] Eliminate/Terminate Restitution Fin[e]s over 10 Years Old."  (Some capitalization omitted.)  He asked the court to eliminate restitution fines that were over 10 years old in case Nos. 88720 and 88721 under Assembly Bill No. 1186 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1).  Effective January 1, 2025, the enactment amended section 1465.9 to add subdivision (d), which now states:  "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."  Chaidez also argued that "inability to pay any restitution consideration was never afforded" to him. (Capitalization omitted.)

The trial court denied Chaidez's petition, stating:  "The court did not impose a restitution fine under Penal Code section 1202.4, subdivision (b).  The defendant received a sentence in these cases on Septembe[r] 1, 1989.  The court imposed fines under Government Code section 13967.  However, this section was rep[]ealed in 2003.  Thus, the change in the law does not apply to the defendant's case."

Chaidez timely appealed.

DISCUSSION

Before we may consider the merits of Chaidez's appeal, we must first determine whether the trial court's order denying his postjudgment motion to vacate his restitution fines is appealable. (*People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].) "The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) An order made after judgment is appealable if it affects a defendant's substantial rights. (§ 1237, subd. (b).) " 'A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b).' " (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085.) " 'Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced.' " (*People v. Roy* (2025) 110 Cal.App.5th 991, 997.)

In this case, Chaidez was sentenced in 1989 and began serving his sentence that same year. This court affirmed the judgment on appeal, and the remittitur issued by April 1991. (*People v. Chaidez* (Jan. 31, 1991, C007379) [nonpub. opn.].) Thus, absent an exception to the general common law rule, the trial court lacked jurisdiction in 2025 to grant Chaidez's petition and resentence him by vacating his restitution fines.

Chaidez's motion is based on section 1465.9, which was added by Assembly Bill No. 1869 (2019-2020 Reg. Sess.) and which provides criminal defendants with relief from certain costs and fees. (See *People v. Clark*, *supra*, 67 Cal.App.5th at pp. 259-260.) The statute, however, does not contain a procedure by which a defendant may file a standalone, postjudgment motion seeking vacatur of a previously, validly imposed fine.

"Where a defendant whose conviction is final files a statutorily unauthorized ' "freestanding" ' petition, both the court below and this court lack jurisdiction to consider the arguments raised therein. …" (*People v. Garcia* (2025) 114 Cal.App.5th 139, 144.) In that circumstance, the appeal must be dismissed. (*Ibid.*)

DISPOSITION

The appeal is dismissed.

/s/
FEINBERG, J.

We concur:

/s/
EARL, P. J.

/s/
HULL, J.

4